UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
203 17TH REALTY LLC, et al.,                               MEMORANDUM
                      Plaintiffs,               AND ORDER
          - against -
CITY OF NEW YORK, et al.,                                  11-CV-1392 (WFK) (JO)
                      Defendants.
-----------------------------------------------------------X

James Orenstein, Magistrate Judge:

      On March 6, 2012, I ordered plaintiff Gotham Broad LLC ("Gotham"), along with several other plaintiffs in this action, to show cause why I should not recommend the dismissal of its claims for failure to prosecute. Docket Entry ("DE") 38. Gotham had been without counsel since the withdrawal of its prior attorney due to a potential conflict of interest on January 27, 2012, and had failed to appear at court-ordered status conferences on January 31, 2012, and March 1, 2012. Order dated January 27, 2012; DE 28; DE 36. On March 26, 2012, Gotham, through new counsel, filed a written response urging the court not to recommend the dismissal of its claims. DE 40. On March 28, 2012, the defendants filed a response arguing in favor of such a dismissal. DE 41. For the reasons set forth below, I decline to recommend the dismissal of Gotham's claims.

      A district court has the inherent power to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Consistent with that inherent authority, the Federal Rules of Civil Procedure explicitly empower a district court, in the exercise of its sound discretion, to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with … a court order[.]" Rule 41(b); *see Lewis*, 564 F.3d at 575 (noting that standard of review is abuse of discretion). Because dismissal on such grounds is unquestionably a "harsh remedy" that should be

used only in "extreme situations," *Lewis*, 564 F.3d at 576 (citations omitted), a court considering such an action should examine five factors. Specifically, the court should consider whether

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). No one factor is dispositive. *Id*. In weighing the five factors, the court must consider the record of the entire case as a whole. *Id*. A court may find the standard for dismissal satisfied where it finds a "pattern of dilatory conduct" or "an action lying dormant with no significant activity to move it." *Lyell Theatre Corp. v. Loews Corp*., 682 F.2d 37, 42 (2d Cir. 1982).

Considering the record of this case as a whole, I find the extreme remedy of dismissal of Gotham's claims under Rule 41(b) to be unwarranted. Now that Gotham has responded to the order to show cause and retained new counsel, there is no reason to believe that it will continue to delay these proceedings. Moreover, lesser measures than dismissal unquestionably suffice to protect the defendants against any conceivable harm. Indeed, given that the parties are only one month into a five month discovery schedule, *see* DE 37, the delay in Gotham's participation may cause no prejudice at all. I therefore decline to recommend the dismissal of Gotham's claims for failure to prosecute and instead order the appearing parties, including Gotham, to confer in an effort to ensure that all discovery is completed in a timely fashion.

Dated: Brooklyn, New York
      April 3, 2012

                                                    /s/
                                        JAMES ORENSTEIN
                                        U.S. Magistrate Judge